UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. CARDEW,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Civil Action No.
16-11278

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DENYING MOTION FOR ATTORNEY FEES (Dkt. 37)

At age 15, Plaintiff Bradley A. Cardew suffered a severe spinal injury that rendered him wheelchair-bound with C5-C6 quadriplegia. Despite his physical limitations, Cardew attended Oakland University and worked briefly as a summer intern in 2004 at the Lear Corporation, a position that his cousin, a vice president at Lear, helped him secure. Eight years later, when Cardew sought retroactive child disability benefits, an ALJ denied his application, finding that Cardew's highly-accommodated summer internship had been substantial gainful activity, which precluded an award of benefits. This Court affirmed that decision and Cardew appealed to the Sixth Circuit. The Sixth Circuit found that the ALJ had used "an incomplete and overly rigid legal framework" to deny benefits and remanded the matter for further consideration. Cardew v. Comm'r of Soc. Sec., 896 F.3d 742, 751 (6th Cir. 2018). The parties stipulated to a sentence-four remand and the case was sent back to the ALJ.

Plaintiff now moves for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. 37), arguing that the Commissioner's denial of benefits was not

1

substantially justified. The Commissioner filed a response brief in opposition (Dkt. 38). For the reasons that follow, the Court concludes that the Commissioner's position in this litigation and the underlying action was substantially justified and, therefore, Plaintiff's counsel is not entitled to an award of attorney fees under the EAJA.

## I. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The "position of the United States" is defined as, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see also Delta Eng'g v. United States, 41 F.3d 259, 261 (6th Cir. 1994) ("The government's 'position' comprehends both the United States' underlying action and its litigation position." (citations omitted)).

The Commissioner's position is substantially justified if it has a "'reasonable basis both in law and fact.'" DeLong v. Comm'r of Soc. Sec. Admin., 748 F.3d 723, 726 (6th Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Commissioner's failure to prevail in the litigation "raises no presumption that its position lacked substantial justification." United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cty., Mich., 946 F.2d 437, 440 (6th Cir. 1991). "The [Commissioner] bears the burden of demonstrating substantial justification." Sec'y of United States Dep't of Labor v. Jackson Cty. Hosp., Inc., 215 F.3d 1327, at *3 (Table) (6th Cir. 2000) (citation omitted).

## II. ANALYSIS

Cardew filed an application for child disability benefits after he turned 22 years old. Therefore, under the regulations, any substantial gainful activity after the age of 22 would preclude him from receiving his retroactive child disability benefits. See 20 C.F.R. §§ 404.350(a)(5), 404.1520(b), 404.1571, et seq. In 2004, monthly earnings of more than $810 per month constituted substantial gainful activity. Admin. Record ("AR") at 15 (Dkt. 13). The ALJ calculated Cardew's summer internship income under various calculations resulting in a monthly income of somewhere between $900 to $1,000 per month, which exceeded the established regulatory substantial gainful activity presumption. AR at 16-17. The ALJ explained that this "bright line test" precluded eligibility for child disability benefits and denied Cardew's benefits. AR 16.

The Sixth Circuit reversed the decision because the "bright line test" leaving Cardew "technically ineligible for child disability benefits," did not reflect the flexible language of the regulations, which use terms such as "may," "generally," and "ordinarily." Cardew, 896 F.3d at 750. The Sixth Circuit reversed the ALJ decision because she used "an incomplete and overly rigid legal framework," even though substantial evidence could arguably otherwise support the decision. Id. at 750-751. Therefore, the panel remanded the action to the ALJ to decide the matter in the first instance. Id.

The question here is whether the Commissioner's position was not substantially justified such that EAJA fees should be awarded.[1] Cardew argues that the Commissioner's position was not substantially justified where the ALJ failed to take the special conditions under 20 C.F.R. § 404.1573(c) into consideration and she erroneously found that Cardew's adjusted income was a

---

[1] It is undisputed that Plaintiff's counsel's application for attorney fees was timely filed and that Plaintiff is a "prevailing party" within the meaning of the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-302 (1993) (holding that a party who receives a sentence-four remand in a Social Security case is a prevailing party for the purposes of the EAJA).

dispositive finding. Mot. ¶ 7. The Commissioner argues that, in the absence of guiding precedents, his position was substantially justified because both the regulations and longstanding Social Security policy called for the ALJ to quantify the "true value" of Cardew's subsidized earnings. Resp. at 4. Therefore, the Commissioner argues, his position had a reasonable basis in law and fact. The Commissioner has the better part of the argument.

Remand alone is not a proper basis for EAJA fees. DeLong, 748 F.3d at 726. "This is so because the finding that a denial of benefits was not supported by substantial evidence is not tantamount to a determination that the Commissioner's position lacked substantial justification." Id. Here, the ALJ's decision was rooted in the facts and analyzed under the correct legal standards, even though she applied an overly rigid legal framework. This was a procedural rather than substantive error. The Sixth Circuit has cautioned that remand on procedural grounds may result in yet another denial of benefits and might well be sustained on appeal. Id. at 727. It would be an odd result to find that the Commissioner's position was not substantially justified but later affirm a denial of benefits. The Commissioner's position was substantially justified because it had a reasonable basis both in law and fact. Therefore, Cardew's motion is denied

### III. CONCLUSION

For the reasons stated above, Cardew's motion for attorney fees under the EAJA (Dkt. 37) is denied.

SO ORDERED.

Dated: October 25, 2019       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                                                  United States District Judge